UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Frederick L. Howell, # 310890,                        ) C/A No. 4:10-400-HMH-TER

                                         )
                        Plaintiff,        )
                                         )
vs.                                       ) Report and Recommendation
                                       )
                                       )
Richard Hunter Gustafson; Bryan Jeffries,      )
                                       )
                        Defendants.     )
_____ )

       This is a civil action filed *pro se* by a state prison inmate.[1] Plaintiff is serving a twenty-two

year sentence in the South Carolina Department of Corrections (SCDC) for burglary after pleading

guilty in Orangeburg County General Sessions Court. He alleges that Defendant Richard Hunter

Gustafson, the Public Defender who represented him, and Defendant Bryan Jeffries, the Assistant

Solicitor who prosecuted him, "falsified and fabricated evidence, committed fraud upon the court,

obstruction of justice, fraudulent misrepresentation, legal malpractice, all under color of state law

in violation of my civil, constitutional and 14th Amendment rights guaranteed under federal and state

law," (Compl. 4) during Plaintiff's guilty plea on August 18, 2005. Plaintiff alleges that Defendant

Gustafson again intentionally violated his civil and constitutional rights at his post-conviction relief

(PCR) hearing on June 8, 2009. Plaintiff's Complaint states that he is "suing both Defendants in

their individual and official capacity." (*Id.*). Plaintiff seeks: an injunction to make their supervisors

_____

      [1]Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate
judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and
recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible
after docketing, district courts should review prisoner cases to determine whether they are
subject to summary dismissal).

1

stop Defendants from violating his rights; to make Defendants uphold the law they swore to enforce; $196,805 in compensatory damages and the satisfaction of any debts accumulated by Plaintiff to SCDC; $200,000 in punitive damages, and a jury trial. (Compl. 6).

Central to Plaintiff's Complaint are allegations concerning a videotape that purportedly showed him committing the crime. At Plaintiff's guilty plea, Defendants told the court that the videotape constituted overwhelming evidence of his guilt. Plaintiff now disputes that this videotape actually showed him committing the crime of first degree burglary and he characterizes the statements made by Defendants during his guilty plea as knowingly false and fraudulent. Plaintiff's state Post Conviction Relief [PCR] application, alleging that Defendant Gustafson was ineffective by failing to challenge the first degree burglary indictment, failing to procure alibi witnesses, and failing to investigate and introduce witnesses, was denied. Plaintiff also filed an attorney grievance against Defendant Gustafson, which was dismissed. Plaintiff's Complaint documents numerous other unsuccessful attempts to obtain legal assistance from various agencies (ACLU, NAACP, US Dept. of Justice, etc.) to address his claim of unjust incarceration.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys,

*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Complaint does not allege violation of a specific federal statute and does not cite to 42 U.S.C. § 1983, but because Plaintiff cites to the Fourteenth Amendment and alleges violation of his constitutional rights by Defendants "under color of state law," (Compl. 3, 4), his Complaint should be liberally construed as an attempt to allege claims for relief under 42 U.S.C. § 1983.[2] Plaintiff's Complaint, alleging constitutional violations in connection with his state criminal proceedings, is subject to summary dismissal based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1997). In *Heck*, the Court stated:

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

We hold that, in order to recover damages [or other relief][3] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.

*Heck* does not apply in the context of claims of unconstitutionality in *on-going* criminal cases. *Wallace v. Kato*, 549 U.S. 384 (2007); however, it is applicable in this case because Plaintiff's criminal case is now completed. The limitations period for a post-trial civil rights action will not begin to run until the cause of action accrues, *i.e.*, until the conviction is set aside; therefore, a potential § 1983 plaintiff does not have to worry about the running of the statute of limitations while he or she is taking appropriate steps to have a conviction overturned. *See Benson v. N. J. State Parole Bd.*, 947 F. Supp. 827, 830 (D. N.J. 1996)(following *Heck v. Humphrey* and applying it to probation and parole revocations "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).

---

[3]*See Johnson v. Freeburn*, 29 Fed. Supp.2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, the nature of the relief sought is not the critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought).

Plaintiff has unsuccessfully pursued state court actions in which some of the same allegations of unconstitutionality made in the Complaint filed in this case were made. Plaintiff's conviction and sentence were affirmed by the South Carolina Court of Appeals, and his petition for writ of certiorari to the South Carolina Supreme Court was denied. As noted above, his PCR petition to the Orangeburg County Court of Common Pleas was denied on December 17, 2009, according to Plaintiff's Complaint. It is unclear whether or not Plaintiff appealed his PCR judgment, but, regardless of whether he did or not, it is clear that Plaintiff has not been successful in having his conviction set aside by way of appeal, PCR, or otherwise at this time because he submitted his Complaint from state prison. Because Plaintiff's allegations of constitutional violations by Defendants in connection with their participation in his state criminal case, if true, would necessarily invalidate his conviction, under *Heck*, he cannot sue either of the Defendants for the matters alleged in the Complaint so long as his conviction and sentence are not set aside. As a result, this case is subject to summary dismissal as to both Defendants.

Even if *Heck* did not require summary dismissal in this case, Plaintiff's Complaint would still be subject to summary dismissal as to both Defendants for additional reasons. First, the entire Complaint should be dismissed as to Defendant Gustafson, Plaintiff's court-appointed criminal defense counsel, because he did not act under color of state law during his legal representation of Plaintiff. In order to state a claim for relief under § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)*; Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and*

*Procedure* § 1230 (2002).  An attorney, whether retained, court-appointed, *or a public defender*, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983.  *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)(private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-24 (1981)(public defender); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

Liberally construing his *pro se* pleading, in addition to his claims of constitutional violations by his legal counsel, Plaintiff is also claiming that Defendant Gustafson is liable to him for legal malpractice (also known as legal negligence).  That claim does not save the Complaint against Gustafson from summary dismissal because there is no basis for this Court to exercise diversity jurisdiction in this case.  Based on the information provided when Plaintiff filed this case, all the parties are residents of the state of South Carolina.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978) (diversity jurisdiction requires parties on opposite sides of the case to be residents of different states).   In the absence of diversity of citizenship between the parties, such a traditionally state-law-based claim may not be considered by this Court.  *See Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992); *see also DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200-03 (1989)(42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law). *Cf. Mitchell v. Holler*, 311 S.C. 406, 429 S.E.2d 793 (1993)(legal malpractice case heard in state court); *Yarborough v. Rogers*, 306 S.C. 260, 411 S.E.2d 424 (1991)(same).

Second, to the extent that Plaintiff seeks damages from Defendant Jeffries, the Assistant Solicitor who prosecuted his criminal case, Plaintiff's Complaint is barred by the well-established legal doctrine of prosecutorial immunity. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. Const., art. V, § 24; S.C. Code Ann, § 1-7-310. Solicitors are elected by voters of a judicial circuit and have absolute immunity for their prosecution-related activities in or connected with judicial proceedings. Such protected activities include, but are not limited to, prosecutorial actions and decisions related to the Solicitor's participation in a criminal trial, bond hearings, grand jury proceedings, pre-trial motions hearings, and ancillary civil proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Hart v. Jefferson County*, 1995 WL 399619 (D. Ore. June 15, 1995)(allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity). Absolute immunity extends to "persons working under [a prosecutor's] direction, when they function as advocates for the state" and are clearly associated with the judicial process. *Bernard v. County of Suffolk*, 356 F.3d 495, 502 (2d Cir. 2004). Absolute immunity does not extend to a prosecutor's administrative or investigative activities. *See Imbler v. Pachtman,* 424 U.S. 409, 431n. 33 (1976). The stage of the litigation at which the prosecutor's conduct occurs is often important to the determination of whether the activity is prosecutorial or investigative in nature. *Compare Yarris v. County of Delaware*, 465 F.3d 129, 139 (3d Cir. 2006)(actions taken after indictment: prosecutorial in nature) *with Wrench Transp. Sys. v. Bradley*, 2006 WL 3749594 (3d Cir. Dec. 21, 2006)(actions taken against defendant prior to arrest or indictment: investigatory in nature). In this case, it is clear that the allegations against Defendant Jeffries are all based on his performance of prosecutorial activities in Plaintiff's criminal case, *i.e.*,

his use of the disputed videotape to argue Plaintiff's guilt to the trial judge and to support the guilty plea and conviction and sentence in the PCR case. Thus, it is also clear that absolute prosecutorial immunity applies and precludes Plaintiff from seeking damages from Defendant Jefferies based on the allegations contained in the Complaint.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 28, 2010
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).